UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LUIS CRUZ

     Plaintiff

  v.

CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE #1-3,

     Defendants.
---------------------------------------------------------X

Index No.: 25-cv-2976

**COMPLAINT**

Plaintiff Demands Trial by Jury

  Plaintiff LUIS CRUZ, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK, and POLICE OFFICERS JOHN DOE #1-3, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

  1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

  2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

  3. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff LUIS CRUZ is a United States Citizen of full age residing in Bronxville, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendants POLICE OFFICERS JOHN DOE #1-3 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

### STATEMENT OF FACTS

8. On or about February 20, 2025, at approximately 6:30 P.M., in the vicinity of 207th Street and Dyckman Street in Manhattan, plaintiff was behind the wheel of his parked motor vehicle when he was approached by defendant POLICE OFFICERS JOHN DOE #1-3.

9. The defendants exited from an unmarked police vehicle and defendant POLICE OFFICER JOHN DOE #1 approached from the driver's side. He asked plaintiff for his license and registration.

10. Plaintiff inquired as to why the officer was requesting his information.

11. In response, defendant POLICE OFFICER JOHN DOE #1 opened the door of plaintiff's vehicle, at which point plaintiff stepped out.

12. Defendant POLICE OFFICER JOHN DOE #1 then proceeded to conduct a search of plaintiff's car.

13. While that went on, plaintiff was told to stand behind his car with defendants POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 standing next to him, one on each side.

14. At this point, plaintiff took out his cellphone and started recording the officers.

15. Defendant POLICE OFFICER JOHN DOE #2 told plaintiff not to record.

16. Plaintiff responded that he had a right to record his interaction with police.

17. Defendant POLICE OFFICER JOHN DOE #2 responded by knocking plaintiff's phone out of his hand.

18. He then grabbed plaintiff about the body and slammed him into the hood of the unmarked police vehicle.

19. He then grabbed plaintiff's wrist and violently yanked his arm behind his back, causing immediate pain to plaintiff's left shoulder.

20. Defendant POLICE OFFICER JOHN DOE #2 then applied mechanical constraints to plaintiff's wrists in a manner that immediately resulted in pain.

21. Plaintiff complained that the constraints were too tight and that he was in pain but defendants POLICE OFFICER JOHN DOE #3 and POLICE OFFICER JOHN DOE #1, both of whom had the opportunity to observe plaintiff and take action to loosen the constraints, stood by and did nothing.

22. Plaintiff was taken into custody and transported to a police precinct, where he was placed in a cell. He remained at the precinct for approximately an hour before he was released with a summons.

23. Plaintiff sought medical attention at Yonkers CityMD the day after being released from NYPD custody.

24. He was diagnosed with a sprained left wrist and an x-ray revealed abnormalities in his left shoulder.

25. He returned approximately one week later, still suffering from pain.

26. Plaintiff continued to feel pain in his left wrist and shoulder for weeks afterwards.

27. Before he was scheduled to appear in response to the summons he received, plaintiff received a letter from the Criminal Court indicating that the accusatory instrument filed by the NYPD was not "acceptable" and that there was no need for him to appear.

28.     At no time during the events described above did plaintiff commit any act for which the amount of force used would be a reasonable response.

29.     At no time during the events described above did POLICE OFFICER JOHN DOE #2 have probable cause or any other legal justification to use the level of force deployed against plaintiff.

30.     At all times during the events described above, defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #3 had a duty to intervene in the illegal and unjustified use of force by their colleague, POLICE OFFICER JOHN DOE #2, yet each defendant failed to do so.

31.     As a result of the illegal use of force by POLICE OFFICER JOHN DOE #2 plaintiff did suffer injury, including but not limited to a sprained left wrist and a sprained left shoulder.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against All Defendants in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.*

32.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33.     At all times during the events described above defendant POLICE OFFICER JOHN DOE #2 lacked probable cause to use force against plaintiff.

34.     All of the aforementioned acts of defendant POLICE OFFICER JOHN DOE #2 were carried out under the color of state law.

35.     At all times relevant to the events described above, defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #3 had a duty to intervene and put a stop to the

unlawful use of force by their colleague, POLICE OFFICER JOHN DOE #2, and each officer failed to do so.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts and omissions complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

38. The acts complained of resulted in pain and injury to plaintiff.

39. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability as against Defendant City of New York in violation of 42 U.S.C. § 1983*

40. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

42. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to engage in the excessive use of force in flagrant violation of their sworn oath to uphold the Constitution.

43. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

44. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  April 10, 2025
        Brooklyn, NY

                                By:     /s/Alexis G. Padilla
                                        Alexis G. Padilla, Esq. [AP7400]
                                        *Attorney for Plaintiff*
                                        378 Lewis Ave. #6
                                        Brooklyn, NY 11233
                                        (917) 238-2993
                                        alexpadilla722@gmail.com

Case 1:25-cv-02976     Document 1     Filed 04/10/25     Page 8 of 8